IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KYREE ROBINSON, | § | |
| | § | No. 445, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2204009131 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: May 30, 2025
Decided: June 27, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State of Delaware's response, and the record on appeal, it appears to the Court that:

(1)     On June 27, 2024, the appellant, Kyree Robinson, pleaded guilty to one count of second-degree murder (as a lesser-included-offense of first-degree murder), one count of possession of a firearm during the commission of a felony, and one count of first-degree reckless endangering. Following a presentence investigation, the Superior Court sentenced Robinson to an aggregate of forty-one years of incarceration, followed by decreasing levels of supervision. This is Robinson's direct appeal.

(2)     Robinson's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c).  Counsel asserts that, after a conscientious review of the record and the law, she has concluded that this appeal is wholly without merit.  In her statement filed under Rule 26(c), counsel states that she informed Robinson of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief.  Counsel also informed Robinson of his right to supplement his attorney's presentation.  Robinson has not raised any issues for the Court's consideration.  The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(3)     The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold.  First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims. [1]  Second, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(4)     The Court has reviewed the record carefully and has concluded that Robinson's appeal is wholly without merit and devoid of any arguably appealable issues.  We also are satisfied that counsel made a conscientious effort to examine the

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson*, 488 U.S. at 82.

record and the law and properly determined that Robinson could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice